UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WILLIAM R. EDWARDS,**

   Petitioner,

v.                                         No. 4:24-cv-0923-P

**DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of William R. Edwards under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** as untimely and unexhausted.

### BACKGROUND

Petitioner is serving a term of imprisonment of forty years imposed on March 23, 2023, following his conviction for murder in Case No. 1565156D in the Criminal District Court No. 1, Tarrant County, Texas. ECF No. 14-1 at 2. Petitioner waived his right to appeal as part of his plea bargain, ECF No. 14-4, and did not appeal. ECF No. 14-3. Petitioner did not file a state application for writ of habeas corpus. ECF No. 14-2.

Petitioner's writ in this action is dated September 22, 2024. ECF No. 1. In it, he complains that his plea was coerced and affected by his conditions of confinement and that his counsel failed to properly represent him.

### LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

    The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

    Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The

petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## EXHAUSTION

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivation of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275

(1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

## ANALYSIS

Petitioner did not appeal; therefore, his judgment became final on April 24, 2023. (As Respondent notes, the thirtieth day following the judgment was a Saturday, so the time was extended until Monday. ECF No. 14 at 6 & n.4.) The grounds he raises would have been known to him at the time of his plea. He had one year in which to file his federal habeas petition but failed to do so timely. And, even if he could show that the petition was timely, he failed to exhaust his state court remedies by pursuing a state application for writ of habeas corpus. Accordingly, the Court lacks jurisdiction of his petition.

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as untimely and, alternatively, as unexhausted. The Court need not reach the merits of the claims.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **10th day of April 2025.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE